# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

————————————

Nº 09-MC-495 (JFB)

————————————

KAREN MOSS,

Petitioner,

VERSUS

UNITED STATES OF AMERICA,

Respondent.

————————————

MEMORANDUM AND ORDER
May 4, 2011

————————————

JOSEPH F. BIANCO, District Judge:

Petitioner Karen Moss ("petitioner" or "Moss") filed this motion on July 27, 2009, seeking to expunge her arrest record. On September 25, 1992, petitioner waived indictment and pled guilty to both counts of a two-count felony information alleging wire fraud in violation of 18 U.S.C. § 1343. Petitioner is now seeking to expunge her arrest record because the charges would disqualify her for employment as a home tutor and substitute teacher. For the reasons set forth below, petitioner's motion to expunge is denied.

## I.  BACKGROUND

### A.  Facts

Petitioner has not disputed the facts of her arrest as presented in the government's opposition papers. As explained by the government, from approximately November 1988 until in or about July 1991, petitioner was employed as a sales representative and manager for a company that "solicited individuals for inclusion in, and purchase of, the company's publications." (Gov't Opp. at 2.) In this role, petitioner knowingly and willfully engaged in a scheme to defraud and obtain money and property from various customers of the company. (*Id.*) Specifically, petitioner used "high pressure and fraudulent sales techniques in an attempt to solicit customers over the phone to be

included in and then to purchase the company's publications." (*Id.*)

On September 25, 1992, in connection with this conduct, petitioner waived indictment and pled guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343. (*Id.*) Petitioner was sentenced on April 7, 1994, to a two-year term of probation on each count, to run concurrently, and a six-month term of home detention. (*Id.*) Petitioner was also ordered to pay a fine of $2,500 on each count, which she paid on August 4, 1994. (*Id.*)

On July 27, 2009, petitioner filed this motion to expunge her criminal record.

## B. Procedural History

Petitioner filed her motion on July 27, 2009. The government filed its opposition on February 19, 2010. Although the Court granted petitioner's request for an extension of time to file a reply, giving petitioner until April 29, 2010 to file her reply papers, petitioner has failed to file any additional submissions with the Court. Thus, the Court deems this matter to have been fully submitted and has carefully considered all of the arguments of the parties.

## II. DISCUSSION

## A. Legal Standards

Although the Attorney General is required by 28 U.S.C § 534(a)[1] to acquire

---

[1] Section 534(a) provides, in pertinent part: "The Attorney General shall . . . acquire, collect, classify, and preserve identification, criminal identification, crime, and other records . . . [and] exchange such records and information with, and for the official use of, authorized officials of the Federal Government, including the United States Sentencing Commission, the States, including State sentencing commissions, Indian

and retain criminal identification records, no federal statute provides for the expungement of an arrest record. "Instead, expungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.'" *United States v. Schnitzer,* 567 F.2d 536, 539 (2d Cir. 1977) (quoting *United States v. Rosen,* 343 F. Supp. 804, 807 (S.D.N.Y. 1972)); *see also Gardner v. United States*, No. 10-MC-0159 (KAM) (JO), 2010 WL 2292222, at *1 (E.D.N.Y. Apr. 26, 2010); *Fernandez v. United States*, Nos. 09-MC-326 (CPS), 98-CR-902, 2009 WL 2227140, at *1 (E.D.N.Y. Jul. 24, 2009). "Retaining and preserving arrest records serves the important function of promoting effective law enforcement . . . [and] Congress has explicitly recognized this need for the acquisition, preservation, and exchange of identification records in 28 U.S.C. § 534(a)." *Schnitzer*, 567 F.2d at 539. In particular, "[t]his regime of maintaining and exchanging criminal identification records serves 'not only the immediate needs of law enforcement for identification and reference in future criminal proceedings, but also punishment and deterrence, as well as public information needs, as appropriate.'" *United States v. Robinson*, No. CR-04-0580 (VVP), 2007 WL 2077732, at *1 (E.D.N.Y. Jul. 18, 2007) (quoting *United States v. Morelli*, No. 91-CR-639 (MHD), 1999 WL 459784, at *1 (S.D.N.Y. June 30, 1999)). However, "[i]t is well established that federal courts may, through the exercise of their inherent powers, order the expunction of arrest records." *In re Farkas,* 783 F. Supp. 102, 103 (E.D.N.Y. 1992). In determining whether to exercise this power, "[t]he government's need to maintain arrest records must be balanced against the harm that the maintenance of arrest records can

---

tribes, cities, and penal and other institutions." 28 U.S.C. § 534(a).

cause citizens." *Schnitzer*, 567 F.2d at 539; *Gardner*, 2010 WL 2292222, at *1.

As the Second Circuit has recognized, "an arrest record alone can create serious adverse consequences for those who have been arrested in the past, notwithstanding the ultimate disposition of the case." *Schnitzer*, 567 F.2d at 539. Nonetheless, "courts must be cognizant that the power to expunge 'is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case.'" *Id.* at 539-40 (quoting *United States v. Linn,* 513 F.2d 925, 927 (10th Cir. 1975)); *see also In re Farkas,* 783 F. Supp. at 103. Examples of such extreme circumstances that may warrant expungement include: "(1) mass arrests conducted under procedures that rendered judicial determination of probable cause impossible; (2) arrests made with the sole purpose of harassing civil rights workers; (3) police misuse of police records to the detriment of the defendant; and (4) arrests based on a statute later declared unconstitutional." *Gardner*, 2010 WL 2292222, at *1 (internal quotation marks omitted); *accord Schnitzer*, 567 F.2d at 540. Thus, "[c]ourts generally reserve the power of expungement for the extreme circumstances when 'an arrest or conviction is invalidated by government error or misconduct and the defendant's innocence is presumed.'" *United States v. Caminero*, Nos. 02 Cr. 66 (JGK), 02 Cr. 230 (JGK), 2009 WL 2146658, at *1 (S.D.N.Y. Jul. 17, 2009) (quoting *Robinson*, 2007 WL 2077732, at *2). "Since the appropriateness [of expungement] is determined on a 'case-by-case' basis, some courts have even granted expungement where an arrest or conviction was valid and no misconduct was involved so long as sufficient 'extraordinary circumstances' existed." *Fernandez,* 2009 WL 2227140, at *1 (citing *United States v.*

*Doe*, 935 F. Supp. 478, 481 (S.D.N.Y. 1996)).

It is undisputed that adverse employment decisions are one of the consequences of an arrest record. However, where a record is accurate, regardless of the disposition of the case, courts, in exercising their discretion, have generally rejected adverse employment effects as grounds for expungement. *See Fernandez,* 2009 WL 2227140, at *2 (collecting cases). Furthermore, courts have generally concluded that "the consequences attendant to possessing a criminal record, such as loss of financial or employment opportunities, do 'not fall within the narrow bounds [ . . . ] where expungement has been declared appropriate.'" *Robinson*, 2007 WL 2077732, at *2 (quoting *Schnitzer*, 567 F.2d at 540) (alterations in original). "The possibility that an employee 'may be asked to explain the circumstances surrounding his arrest' fails to constitute a harsh, unique, or extreme circumstance, and thus is not sufficient to warrant expunction of [a petitioner's] record." *United States v. Feret*, No. 05-mj-00075 (KAM), 2007 WL 2262867, at *2 (E.D.N.Y. Aug. 3, 2007) (quoting *Schnitzer*, 567 F.2d at 540).

## B. Application

Petitioner argues that her arrest record should be expunged because it is hampering her ability to obtain employment. Specifically, petitioner explains that she would like to "supplement [her] meager income" by working as a "home tutor and substitute teacher for the Board of Education." (Pet. at 2.) However, to secure this job, petitioner must be fingerprinted, which would uncover her criminal record and would disqualify her for employment. (*Id.*) Thus, petitioner contends that the Court should "assist [petitioner] by expunging [her] record, thus enabling [her]

to be eligible for this necessary employment." (*Id.*)

Although it may be true that petitioner needs to supplement her income, petitioner has not cited to any extreme or harsh circumstances beyond the mere existence of her arrest record that would warrant expungement in this case. Indeed, courts faced with similar circumstances have routinely denied motions for expungement. *See Gardner*, 2010 WL 2292222, at *1 (denying expungement where petitioner claimed that dismissed charge would impede ability to obtain security license and would limit his employment opportunities); *Fernandez*, 2009 WL 2227140, at *2 (denying expungement of arrest record where petitioner stated that she was unable to acquire employment but did not cite any specific examples that would support a finding that her situation was especially harsh or extreme); *Sandy v. United States*, No. 08 MC 306 (RML), 2008 WL 4865993, at *2 (E.D.N.Y. Nov. 7, 2008) (petitioner's concerns that his record would interfere with his career plans in the education field and would thwart his efforts to become a United States citizen were not sufficiently exceptional to justify expungement); *Feret,* 2007 WL 2262867, at *2 (denying expungement where petitioner claimed only that his record created a potential adverse effect on his employment prospects). Thus, without any indication that petitioner's circumstances are extreme or harsh, the Court concludes that, in this case, any harm the petitioner might have suffered does not outweigh the government's interest in preserving arrest records. Petitioner does not dispute the legality of her arrest or the statutes under which she was arrested. She also does not claim that her arrest was improper and not supported by probable cause, that the purpose of her arrest was to harass her, or that the police misused her records to her detriment. Finally, petitioner does not contest her guilt for the crimes to which she pled guilty.

Thus, having carefully considered petitioner's motion, the Court concludes in its discretion that, given the circumstances of the instance case, any adverse employment consequences from petitioner's arrest record do not warrant expungement. Moreover, petitioner has failed to indicate any other sufficient grounds for expungement. Accordingly, petitioner's motion to expunge is denied.

## IV. CONCLUSION

For the foregoing reasons, the motion to expunge petitioner's criminal record is denied. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Date: May 4, 2011
Central Islip, NY

* * *

Petitioner is proceeding *pro se*. The United States is represented by Loretta E. Lynch, U.S. Attorney, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722 by Charles N. Rose, Assistant U.S. Attorney.

4